FILED BY ___ D.C.

05 JUN -6 PM 5: 03

ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

DONNIE E. JOHNSON,                )
                                  )
            Petitioner,           )
                                  )
V.                                )   No. 97-3052-D
                                  )
RICKY BELL, Warden,               )
RIVERBEND MAXIMUM SECURITY        )
INSTITUTION,                      )
                                  )
            Respondent.           )

---

### ORDER

---

Petitioner Donnie Johnson, an inmate under a sentence of death at the Riverbend Maximum Security Institution ("RMSI"), in Nashville, Tennessee, seeks relief from this Court's March 1, 2001 judgment denying him habeas corpus relief and has filed a motion requesting relief pursuant to this Court's inherent authority, and/or for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

On November 9, 2004, this Court stayed Petitioner's scheduled execution pending the Sixth Circuit Court of Appeals' en banc decision in In re Abdur'Rahman, 392 F.3d 174 (2004), and this Court's subsequent consideration of Petitioner's Rule 60(b) motion. Respondent's motion to vacate the stay of execution was denied by the Sixth Circuit subject to renewal of the motion after the decision in Abdur'Rahman, Johnson v. Bell, No. 04-6361 (6th Cir.

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 6-9-05



Nov. 15, 2004), whereupon Respondent then moved the Sixth Circuit to dismiss the motion pursuant to Rule 42(b) of the Federal Rules of Appellate Procedure.

In December 2004, the Sixth Circuit released its opinion in <u>Abdur'Rahman</u> addressing the circumstances under which a district court may properly consider a Rule 60(b) motion for relief from judgment in habeas corpus cases. Adopting a "functional approach," the Sixth Circuit held that a motion for relief which merely challenges the integrity of the district court's judgment, pursuant to the provisions of Rule 60(b), may be considered by the district court. <u>Abdur'Rahman</u>, 392 F.3d at 181. However, if the purported Rule 60(b) motion seeks to relitigate the constitutionality of the underlying conviction or sentence, the AEDPA applies and the district court is without jurisdiction to consider the motion. <u>Id.</u> Accordingly, the petitioner in such instances must obtain approval from a panel of the court of appeals to file a second or successive habeas application pursuant to 28 U.S.C. § 2244(b)(3)(A).

Subsequent to the release of <u>Abdur'Rahman</u>, Petitioner has moved for a status conference to coordinate continued litigation, and Respondent has moved to vacate the stay of execution entered by this Court. Respondent argues that the grounds relied upon in the Petitioner's motion for relief are prohibited attempts at relitigation of the constitutionality of his trial and sentence under the standards enunciated in <u>Abdur'Rahman</u>. Respondent's

2

Motion to Vacate Stay of Execution at 3. Petitioner has responded, arguing that the law governing Rule 60(b) motions in habeas corpus cases is still unsettled, and that the stay of execution should remain in effect until the Supreme Court finally decides the proper role of Rule 60(b) in habeas corpus proceedings. Petitioner's Response to Motion to Vacate Stay of Execution at 2.

The Court finds that the law respecting Rule 60(b) motions for relief in habeas cases remains unsettled despite the decision in Abdur'Rahman. It is apparent that the Sixth Circuit itself is divided on how the standards announced in Abdur'Rahman are to be applied. Compare Alley v. Bell, 392 F.3d 822, 829 (6th Cir. 2004) vacated by Alley v. Bell, __ F.3d __, 2005 WL 857009 (6th Cir. 2005)(applying Abdur'Rahman and holding that Alley's posited grounds for relief from judgment constitute a prohibited second or successive application for habeas relief) with Alley, __ F.3d at __, 2005 WL 857009 at 1 (Cole, J., concurring)(stating, joined by four circuit judges, that Alley's claim for fraud on the court raises a cognizable claim for relief from judgment pursuant to Rule 60(b)). Furthermore, Tennessee is currently seeking Supreme Court review of Abdur'Rahman. See Bell v. Abdur'Rahman, No. 04-1247 (docketed March 16, 2005). The Supreme Court has granted certiorari and is considering this very issue during its current term. See Gonzalez v. Crosby, No. 04-6432, cert. granted 543 U.S. __ (2005). The Court is also aware that both Abdur'Rahman and

Tennessee have filed amicus curiae briefs with the Supreme Court as it considers Gonzalez.

Given all of the above, the Court finds that prudent disposition of this matter requires further clarification from the Supreme Court in this area of the law. Therefore, Respondent's motion to vacate the stay of execution is denied, and the stay of execution entered by this Court is hereby extended pending the Supreme Court's decision in Gonzalez and this Court's subsequent consideration of Petitioner's Rule 60(b) motion. Because the Court intends to consider Petitioner's motion for relief after Gonzalez is decided, a status conference is not necessary at this time. Accordingly, Petitioner's motion for a status conference is denied, though Petitioner may renew the motion after the Supreme Court issues its decision in Gonzalez.

IT IS SO ORDERED this __31__ day of May 2005.

BERNICE BOUIE DONALD
UNITED STATES DISTRICT JUDGE

4

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 120 in case 2:97-CV-03052 was distributed by fax, mail, or direct printing on June 9, 2005 to the parties listed.

---

John W. Campbell
DISTRICT ATTORNEY GENERAL'S OFFICE
201 Poplar Ave.
Ste. 301
Memphis, TN 38103--194

Quitman Robins Ledyard
BOROD & KRAMER
80 Monroe Ave.
Ste. G-1
Memphis, TN 38103

Christopher M. Minton
POST CONVICTION DEFENDER
810 Broadway
Ste 200
Nashville, TN 37203

C. Mark Pickrell
PICKRELL LAW FIRM
3200 West End Ave., Suite 500
Nashville, TN 37205

Alice B. Lustre
ATTORNEY GENERAL OFFICE
425 5th Avenue North
Nashville, TN 37243--049

Glenn R. Pruden
OFFICE OF THE ATTORNEY GENERAL
425 Fifth Ave., N.
Nashville, TN 37243--049

Honorable Bernice Donald
US DISTRICT COURT