IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY 10 _____ D.C.

05 NOV 30 PM 2: 55

THOMAS H. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

DONNIE E. JOHNSON,                    )
                                      )
            Petitioner,               )
                                      )
v.                                    )      No. 97-3052-D
                                      )
RICKY BELL, Warden,                   )
RIVERBEND MAXIMUM SECURITY            )
INSTITUTION,                          )
                                      )
            Respondent.               )

## ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT

Petitioner Donnie Johnson, an inmate at the Riverbend Maximum
Security Institution ("RMSI"), in Nashville, Tennessee, has filed
a motion requesting relief from this Court's judgment granting
Respondent summary judgment as to all claims in his petition for
habeas corpus relief.

The pertinent facts and procedural history of this case are
laid out in detail in this Court's order granting Respondent
summary judgment. See Memorandum and Order on Respondent's Motion
for Summary Judgment ("Summary Judgment Order"), R. 84 (March 1,
2001). In short, in October, 1985, a Shelby County, Tennessee,
jury convicted Petitioner of first-degree murder in the death of
his wife and subsequently sentenced him to death. After the
Tennessee Supreme Court affirmed Petitioner's conviction and
sentence, State v. Johnson, 743 S.W.2d 154 (Tenn. 1987), cert.

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on _____ 12/1/05

122

denied, 485 U.S. 994 (1988), Petitioner began a lengthy series of collateral attacks on the conviction and sentence in the state and federal courts. The Sixth Circuit Court of Appeals affirmed this Court's denial of habeas corpus relief. See Johnson v. Bell, 344 F.3d 567 (6th Cir. 2003), cert. denied, 541 U.S. 1010 (2004). Petitioner thereafter began the instant course of litigation, seeking relief from this Court's judgment denying his habeas petition pursuant to Fed. R. Civ. P. 60(b) and what he alleges to be this Court's "inherent authority."

The Court initially stayed its consideration of Petitioner's motion pending the Sixth Circuit's decision in In Re Abdur'Rahman, 392 F.3d 174 (6th Cir. 2004), vacated 545 U.S. __, 125 S.Ct. 2991 (2005). See Order Granting Stay Of Execution, R. 109 (Nov. 9, 2004). In December, 2004, the Sixth Circuit issued its opinion in Abdur'Rahman, addressing the interplay of Rule 60(b) motions for relief from judgment and the AEDPA's restrictions on second and successive habeas petitions. Respondent subsequently moved to vacate the stay of execution entered by this Court, arguing that Petitioner's motion for relief was the fundamental equivalent of a prohibited second or successive petition under the standards set forth in Abdur'Rahman. However, the Court held that the law governing the issues raised by Petitioner's motion for relief was still in flux, and, given the United States Supreme Court's grant of certiorari in Gonzalez v. Crosby, 545 U.S. __, 125 S.Ct. 2641

2

(2005), the most prudent course was for the Court to deny Respondent's motion and extend the stay of execution until the Court may consider Petitioner's motion pursuant to the Supreme Court's eventual decision in Gonzalez. See Order, R. 120 at 4 (June 6, 2005).

In June, 2005, the Supreme Court issued its opinion in Gonzalez, clarifying the circumstances under which a Rule 60(b) motion for relief may run afoul of the AEDPA's restrictions on second and successive habeas petitions. The Court held that, in the habeas context, a proper motion for relief from judgment is one that attacks "not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." Gonzalez, 545 U.S. at __, 125 S. Ct. at 2648. To the extent that a motion for relief from judgment attempts to present "claims" asserting a "federal basis for relief from a state court's judgment of conviction," such a motion is "if not in substance a 'habeas corpus application,' at least similar enough that failing to subject it to the same requirements would be 'inconsistent with' the statute." Id. at __, 125 S. Ct. at 2647. The Court explained that a prohibited "claim" in such a motion may present a new ground for relief or attack the habeas court's "previous resolution of a claim on the merits." Id. at __, 125 S. Ct. at 2648 (emphasis in original). Thus, where a motion for relief merely asserts a non-merits based ground for revisiting the

3

prior federal judgment, there is no prohibition on considering the motion for relief as denominated. However, where the motion asserts "claims," including allegations of error on the merits or intervening substantive case law developments, the motion must be treated as a second or successive petition for habeas relief. Proceeding under these standards, the Court will now address Petitioner's motion for relief from judgment.

As a preliminary matter, consideration should first be given to Petitioner's brief argument that, regardless of what claims are cognizable in this Court pursuant to Rule 60(b), the entirety of Petitioner's motion is within the ambit of this Court's jurisdiction pursuant to its "plenary inherent Article III equitable powers." Petitioner's Motion For Equitable Relief In The Exercise Of This Court's Inherent Article III Powers, And/Or For Relief From Judgment ("Pet. Motion"), R. 104 at 2-3. Petitioner asserts that the powers which he attributes to this Court may not be abridged by Rule 60(b) or congressional enactments such as the AEDPA. Further, Petitioner argues that 28 U.S.C. § 2243, which instructs that a district court exercising its habeas jurisdiction may avail itself of "all the freedom of equity procedure," similarly ensures that this Court may revisit and revise its previous habeas judgments regardless of the restrictions embedded in Rule 60(b) and the AEDPA.

4

The Court finds this argument unpersuasive. The text of Rule 60(b) makes clear that it is attempting to express the equitable powers courts have long enjoyed when considering previous judgments. After listing several circumstances under which relief from judgment might be appropriate, the rule also allows that a District Court may grant relief from judgment for "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). This provision of Rule 60(b) has historically been referred to as a "'reservoir of equitable power' to do justice in a particular case." In re Abdur'Rahman, 392 F.3d at 183 (citing Compton v. Alton S.S. Co., Inc., 608 F.2d 96, 106 (4th Cir. 1979)). Indeed, it is this provision of Rule 60(b) that was at issue in both Abdur'Rahman and Gonzalez. Additionally, the Court notes that Rule 60(b) contains a "savings clause" which recognizes that the rule does not limit the ability of a court to consider an "independent action to relieve a party from judgment . . . or to set aside a judgment for fraud upon the court." Fed. R. Civ. P. 60(b). See also, Chambers v. NASCO, Inc., 501 U.S. 32, 43-44 (1991)(discussing court's traditional "inherent power" to vacate a judgment "upon proof that a fraud has been perpetrated upon the court"). However, though the "savings clause" of Rule 60(b) recognizes the continuing viability of these historical remedies, courts have also developed tests for the propriety of granting relief in such actions which require far more than a district

5

court's simple prerogative or equitable inclinations in a particular case. Rather, "independent actions" and actions to set aside a judgment for fraud upon the court are extraordinary remedies limited to very rare situations. See Buell v. Anderson, 48 Fed. Appx. 491, 497-500 (6th Cir. 2002)(discussing "independent actions" and "fraud upon the court actions" as separate entities and setting forth tests for each). Further, such "independent actions" may not be used as a vehicle to re-litigate a previous judgment, and are still subject to the AEDPA and its restrictions on successive habeas petitions to the same extent as are motions for relief proceeding under the express provisions of Rule 60(b). See Gonzalez v. Sec'y for Dept. of Corr., 366 F.3d 1253, 1277 n. 11 (11th Cir. 2004) and Booker v. Dugger, 825 F.2d 281, 284-85 n. 7 (11th Cir. 1987).

Therefore, the Court declines Petitioner's invocation of any "inherent powers" to revise past judgments which are not at least embraced by Rule 60(b). Such an unprincipled exercise of the Court's habeas jurisdiction would circumvent the legislative intent apparent in the AEDPA and render superfluous the express requirements for granting relief from judgment embedded in Rule 60(b). The text of Rule 60(b) and Congress' restrictions on the Court's exercise of its habeas jurisdiction through the AEDPA make clear that the "inherent powers" attributed to the Court by Petitioner are more constrained than he acknowledges. See Hadix v.

6

<u>Johnson</u>, 144 F.3d 925, 937 (6th Cir. 1998)(discussing "clear and valid legislative command" requirement for Congress to deny or limit a court's traditional equitable jurisdiction). Where Congress has so conclusively established that this Court may not entertain a second or successive habeas petition, no alleged "inherent power" of this Court may survive such a "clear and valid legislative command."[1] Accordingly, this Court will evaluate Petitioner's motion for relief pursuant to Rule 60(b), as explicated in <u>Gonzalez</u>, including, where appropriate, consideration of both the "equitable reservoir" of Rule 60(b)(6) and the Rule's inclusion of the traditional equitable powers of the court, as referenced in the "savings clause" of the rule. However, the Court will not exercise any alleged "inherent powers" to consider Petitioner's motion for relief where such consideration would run afoul of Rule 60(b) or the AEDPA. Petitioner asserts that he is entitled to relief from the Court's judgment on three of his habeas claims. The Court will address each claim in turn.

## I.  CLAIM 16 - PETITIONER'S CHALLENGE TO THE HEINOUS, ATROCIOUS, OR CRUEL AGGRAVATING FACTOR

Petitioner attacks this Court's judgment granting Respondent summary judgment on claim 16 of his habeas petition, in which he

---

[1]   There is no question, either, as to the validity of the legislative command denying this Court jurisdiction over second or successive habeas petitions. The Supreme Court has made clear that the restrictions on habeas corpus imposed by the AEDPA are valid. <u>See</u> <u>Felker v. Turpin</u>, 518 U.S. 651, 664 (1996).

argued that the heinous, atrocious, or cruel ("HAC") aggravating factor relied upon in sentencing him to death was unconstitutionally vague.  The Court ruled that Petitioner had procedurally defaulted this claim due to his failure to raise the claim in the state courts, and also rejected Petitioner's argument that the Tennessee Supreme Court reviewed the constitutionality of the aggravator pursuant to its statutorily required review process. See Summary Judgment Order at 231-32.  Petitioner asserts that the Sixth Circuit's intervening decision in Cone v. Bell, 359 F.3d 785 (6th Cir. 2004), rev'd. 545 U.S. __, 125 S.Ct. 847 (2005), makes clear that this Court's finding of procedural default was erroneous and also that he is entitled to relief on the merits of this claim.

In Cone, the Sixth Circuit held that the Tennessee Supreme Court's mandatory review of death sentences for arbitrary imposition implicitly includes review of all claims related to such arbitrariness, whether or not such claims were expressly presented to the state court during review.  Id. at 793-94.  The Sixth Circuit further ruled that the Tennessee Supreme Court's "implicit" decision affirming the constitutionality of the HAC aggravator was "contrary to, or involved an unreasonable application of,"[2] Supreme Court precedent embodied in Godfrey v. Georgia, 446 U.S. 420 (1980), and subsequent cases which establish that similarly worded HAC aggravators are impermissibly vague.  Finally, the Sixth

---

[2]     28 U.S.C. § 2254(d).

Circuit held that, because the Tennessee Supreme Court failed to apply a valid narrowing construction to the facially vague HAC aggravator, Cone's sentence violated the Eighth and Fourteenth Amendments. Id. at 797.

On appeal, the Supreme Court reversed the Sixth Circuit insofar as it held that the Tennessee Supreme Court failed to cure the invalid aggravator through application of a valid narrowing construction on appeal. The Court ruled that the Sixth Circuit's holding in this regard did not afford the state court sufficient deference under the standard of review required by 28 U.S.C. § 2254, and, further, not only had such a narrowing construction been applied, but that construction itself was constitutionally valid. See Bell v. Cone, 545 U.S. __, 125 S.Ct. 847, 853-55 (2005)(per curiam). Because the Supreme Court declined to address the Sixth Circuit's holding regarding the "implicit review" doctrine in Tennessee, it is likely that portion of the Cone opinion retains its precedential value in these proceedings.

In addition to arguing that Cone demonstrates error in this Court's finding that Petitioner procedurally defaulted his HAC claim, Petitioner also maintains that Cone establishes that he is entitled to relief from judgment on the merits of his HAC claim. However, before the Court may proceed to address his HAC claim on the merits, the Court must first determine whether it may disturb its previous judgment pursuant to Rule 60(b). As discussed above,

_Gonzalez_ establishes that a motion for relief from judgment which attacks the integrity of a habeas court's judgment on a non-merits basis may proceed without running afoul of the prohibition on second or successive habeas petitions. _Gonzalez_, 125 S.Ct. at 2647-48. Because the petitioner in _Gonzalez_ was merely challenging a federal court's erroneous application of the statute of limitations set forth in 28 U.S.C. § 2244, his motion for relief was not the functional equivalent of a prohibited second or successive petition. Similarly, in this portion of Petitioner's motion, he is seeking relief from this Court's failure to reach the merits of his HAC claim due to the imposition of a procedural bar. Accordingly, the Court finds that it may consider Petitioner's motion, to the extent that it seeks relief from this Court's judgment on a non-merits aspect of the prior habeas proceedings, as one properly before the Court pursuant to Rule 60(b) and that such treatment is therefore consonant with the AEDPA's prohibition on second or successive habeas petitions.

_Gonzalez_ is also instructive of how the Court should ultimately dispose of Petitioner's claim that he is entitled to relief on the merits of his HAC claim. In _Gonzalez_, the Court was careful to note that "several characteristics of a Rule 60(b) motion limit the friction between the Rule and the successive-petition prohibitions of the AEDPA." _Id._ at __, 125 S.Ct. at 2649. One such characteristic is that the "equitable reservoir" of Rule

60(b)(6) requires, as a predicate to granting relief from a previous judgment, "extraordinary circumstances"[3] which are rarely found in habeas cases. For instance, the Court in <u>Gonzalez</u> went on to hold that an intervening Supreme Court decision which demonstrated the district court's erroneous application of § 2244's statute of limitations could not constitute the "extraordinary circumstance" necessary to award relief from the district court's judgment because "[t]he District Court's interpretation was by all appearances correct under the Eleventh Circuit's then-prevailing interpretation of 28 U.S.C. § 2244(d)(2). It is hardly extraordinary that subsequently, after petitioner's case was no longer pending, this Court arrived at a different interpretation." <u>Id.</u> at __, 125 S.Ct. at 2651. The Supreme Court's refusal to deem its decision adopting a contrary interpretation to a statute as a sufficient "extraordinary circumstance" for purposes of Rule 60(b)(6) affirms a fundamental principle of the Rule that pre-dated <u>Gonzalez</u>: "It is well established that a change in decisional law

---

[3]    The Court notes that Petitioner's motion for relief as to this claim, if it is to be considered pursuant to Rule 60(b), may only proceed under Rule 60(b)(6)'s provision allowing relief "for any other reason justifying relief from the operation of the judgment." Petitioner does not allege that his claim may proceed under any other provision of the rule, and it is apparent that an attempt to avail oneself of intervening case law developments is most properly considered, if at all, pursuant to Rule 60(b)(6). <u>See, e.g.</u>, <u>Abdur'Rahman v. Bell</u>, 537 U.S. 88, 96-97 (2002)(Stevens, J.)(dissenting from dismissal of writ of certiorari as improvidently granted); <u>Gonzalez</u>, 353 F.3d at 1309 (opinion of Tjoflat, J.).

is usually not, by itself, an 'extraordinary circumstance' meriting Rule 60(b)(6) relief." Blue Diamond Coal Co. v. Trustees of the UMWA Combined Benefit Fund, 249 F.3d 519, 524 (6th Cir. 2001). Rather, in addition to the change in law, courts have traditionally required "some other special circumstance" in order to grant relief under Rule 60(b)(6). Id. The petitioner in Gonzalez, though merely asserting error in the district court's non-merits adjudication of his habeas claim, failed to proffer such a special circumstance, instead relying only on the intervening decision of the Supreme Court, and was therefore denied Rule 60(b)(6) relief from a district court judgment that the Supreme Court conceded was incorrect.

In this instance, Petitioner's request for relief from judgment relies entirely on the Sixth Circuit's intervening Cone decision both to demonstrate the error of this Court's procedural default ruling and to establish that his claim should succeed on the merits. As in Gonzalez, it is undisputed that this Court's prior finding of procedural default was correct when it was rendered. The Court's ruling was consistent with Sixth Circuit precedent which had unequivocally rejected the "implicit review" doctrine eventually adopted in Cone. See Summary Judgment Order, R. 84 at 231 (discussing Sixth Circuit's rejection of "implicit review" doctrine in Coe v. Bell, 161 F.3d 320, 336 (6th Cir. 1998)). Petitioner has not shown, under the standards enunciated

12

in Gonzalez, how the decision in Cone constitutes an "extraordinary circumstance" sufficient to grant him relief from judgment, where a similar change in law in Gonzalez was insufficient for Rule 60(b)(6) relief. Accordingly, the Court finds that Petitioner is not entitled to relief from judgment as to this claim.

Further, the Supreme Court's eventual ruling on the merits in Cone buffers this Court's finding that no "extraordinary circumstances" warrant granting Petitioner relief from judgment. The Supreme Court ruled in Cone that the Sixth Circuit's decision foreclosing the possibility that the Tennessee Supreme Court applied a valid narrowing construction to the vague HAC aggravator because it "did not apply, or even mention, any narrowing interpretation or cite to"[4] such a construction was incorrect because "[t]he state court's opinion does not disclaim application of that court's established construction . . . [and given that the state court had adopted such a construction and followed it numerous times] absent an affirmative indication to the contrary, we must presume it did the same thing here." Cone, 545 U.S. __, 125 S.Ct. at 853. Thus, where the Tennessee Supreme Court ruled, in its review of Cone's conviction and sentence, that "the evidence abundantly established"[5] the aggravator and that the sentence of death was not disproportionate to similar cases, the United States

---

[4]    Cone, 359 F.3d at 797.

[5]    State v. Cone, 665 S.W.2d 87, 94 (Tenn. 1984).

13

Supreme Court refused to hold that the state court had failed to subject the vague aggravator to constitutional narrowing.

The Court's holding in this regard was recently applied by the Sixth Circuit Court of Appeals in <u>Payne v. Bell</u>, 418 F.3d 644 (6th Cir. 2005), wherein the appellate court ruled, because that case was "materially indistinguishable" from <u>Cone</u>, that the Tennessee Supreme Court was entitled to the presumption that it applied a narrowing construction to the vague HAC aggravator, even though it never mentioned the aggravator, because the state court did not indicate that it was not relying on such a construction in affirming Payne's conviction. <u>Id.</u> at 657. In Petitioner's case, just as in <u>Cone</u> and <u>Payne</u>, the Tennessee Supreme Court is entitled to the presumption that it applied such a narrowing construction to the vague HAC aggravator. As in <u>Cone</u>, the state court noted the jury's finding of the HAC aggravator and concluded that the "aggravating circumstances were clearly established by the evidence." <u>State v. Johnson</u>, 743 S.W.2d 154, 157 (Tenn. 1987). Given that finding and the lack of an indication that it was not following its precedent setting forth a valid narrowing construction to the aggravator, the Tennessee Supreme Court must be presumed to have cured any alleged facial invalidity in the HAC aggravator as applied to Petitioner. Accordingly, the Court finds that, even had Petitioner established some extraordinary circumstance warranting the reopening of his habeas petition

14

pursuant to Rule 60(b)(6), the Supreme Court's decision in Cone and subsequent cases establish that he is not entitled to relief on the merits of his HAC claim.

For the same reasons that Petitioner's motion fails under the standards governing Rule 60(b)(6), the motion similarly must fail as an "independent action" to set aside judgment pursuant to the "savings clause" of Rule 60(b). Relief from judgment by way of an "independent action" is an extraordinary remedy reserved for rare cases characterized by "exceptional circumstances" where relief is necessary to prevent a grave miscarriage of justice should the judgment stand. Barrett v. Sec'y of Health and Human Serv., 840 F.2d 1259, 1263 (6th Cir. 1987). It is apparent that the tests concerning the propriety of granting relief from judgment pursuant to Rule 60(b)(6) and the "independent action" prong of the "savings clause" involve sufficiently similar equitable considerations that a court should ascribe similar meaning to "extraordinary circumstances" in the Rule 60(b)(6) context and "exceptional circumstances" in the "independent action" context. As demonstrated above, Petitioner has not shown any "extraordinary circumstance" warranting relief from judgment pursuant to Rule 60(b)(6). Further, Petitioner's merits challenge to the HAC aggravator is disposed of by recent opinions of the Supreme Court and Sixth Circuit Court of Appeals. Therefore, Petitioner has not established any "exceptional circumstance" warranting relief from

this Court's prior judgment pursuant to the "independent action" prong of the "savings clause." Accordingly, this portion of Petitioner's motion for relief from judgment is DISMISSED.

## II. CLAIM 2 - PETITIONER'S CHALLENGE TO THE PROSECUTION'S ALLEGED WITHHOLDING OF EVIDENCE OF A DEAL FOR RONNIE MCCOY'S TESTIMONY

In claim two of his habeas petition, Petitioner alleged that the prosecution knowingly used false testimony and withheld exculpatory evidence of a deal it had reached with Ronnie McCoy in order to obtain his testimony against Petitioner. In support of this claim, Petitioner offered various statements and affidavits which he argued proved that the prosecution withheld evidence and suborned perjury. The Court first held that Petitioner had procedurally defaulted this claim for failing to present the claim in the state courts. See Summary Judgment Order at 115. Despite the finding of procedural default, the Court also analyzed the merits of Petitioner's claim and found them to be conclusively devoid of merit. See id. at 117. In his motion for relief, Petitioner now appears to assert two separate grounds for relief from the Court's previous judgment: 1) Petitioner argues that the Supreme Court's intervening decision in Banks v. Dretke, 540 U.S. 668 (2004), makes clear that this Court's prior finding of procedural default was erroneous; and 2) the state's withholding of evidence, subornation of perjury, and presentation of false affidavits during habeas proceedings constitute a fraud on the

16

habeas court.   The Court will address each of Petitioner's claims for relief in turn.

**A.   _Banks_ and The Court's Finding of Procedural Default**

In _Banks_, the Supreme Court, in relevant part, held that a federal habeas petitioner was entitled to present evidence of an alleged violation of his due process rights pursuant to _Brady v. Maryland_, 373 U.S. 83 (1963), despite his failure to develop the claim in the state courts, because he had alleged such a violation in state post-conviction proceedings and the state had precluded him from further developing the claim by vigorously denying that any such violation had occurred.   See _Banks_, 540 U.S. at 702-03. The Court reasoned that Banks was entitled to rely on the veracity of assertions made by the state in contesting his _Brady_ claim, therefore providing him with "cause" for his failure to fully develop the claim in the state courts.   _Id._ at 698.

Petitioner asserts that the "circumstances surrounding Mr. Johnson's McCoy Claim are virtually identical to the circumstances involved in _Banks_."   Pet. Motion at 24.   This contention ignores an essential point which distinguishes his case from _Banks_: Unlike the petitioner in _Banks_, Petitioner has failed to exhaust his remedies as to this claim in the state courts.   As a predicate to the Court's holding that Banks had proven sufficient "cause" for his failure to fully develop his _Brady_ claim in the state courts, the Court first addressed whether Banks had satisfied the exhaustion

requirement by alleging a violation of his _Brady_ rights in the
state courts:

> To pursue habeas corpus relief in federal court, Banks
> first had to exhaust 'the remedies available in the
> courts of the State.' Banks alleged in his January 1992
> state-court application for a writ of habeas corpus that
> the prosecution knowingly failed to turn over exculpatory
> evidence involving Farr in violation of Banks's due
> process rights. Banks thus satisfied the exhaustion
> requirement as to the legal ground for his Farr _Brady_
> claim.

_Banks_, 540 U.S. at 690 (citations omitted). Thus, only after first
confirming that the petitioner had indeed exhausted his state-court
remedies with respect to his _Brady_ claim, did the Supreme Court
proceed with its inquiry as to whether sufficient "cause" existed
to excuse the failure to fully develop the claim in the state
courts.

Though the Court in _Banks_ was careful to note that it was
concerned with a claim which "arose under the regime in place prior
to the Antiterrorism and Effective Death Penalty Act of 1996
(AEDPA)," _id._ at 689, the exhaustion requirement discussed by the
Court is equally applicable to cases, including this one, which are
adjudicated under the standards imposed by the AEDPA. _See e.g._,
_Baldwin v. Reese_, 541 U.S. 27 (2004)(discussing requirements of
exhaustion and "fair presentation" under the standards required by
28 U.S.C. § 2254, as amended by the AEDPA). It is uncontested that
Petitioner wholly failed to raise his _Brady_ claim in any state-
court proceeding. Though defendants are not required to "scavenge

18

for hints of undisclosed *Brady* material when the prosecution represents that all such material has been disclosed," <u>Banks</u>, 540 U.S. at 695, the state courts are entitled to fair presentation of any claim that a defendant's constitutional rights have been violated, and Petitioner has failed, both in prior summary judgment and in current proceedings, to explain whether the evidence he offered in support of this claim was unavailable during state-court proceedings or how the evidence eventually became available to him. He certainly does not assert that the evidence he now proffers in support of this claim was previously rendered unavailable due to the conduct of the state. Indeed, these failures of Petitioner were the basis of this Court's previous finding that Petitioner has procedurally defaulted this claim. <u>See</u> Summary Judgment Order at 115. In his motion for relief, Petitioner, rather than addressing the basis for the Court's prior holding, has merely offered the Supreme Court's holding in <u>Banks</u> while simultaneously failing even to attempt to demonstrate why he should be allowed, under <u>Banks</u>, to present a claim in federal court which he never presented, much less developed, in the state courts, as the Court explicitly required in <u>Banks</u>. <u>Banks</u> stands for the proposition that a habeas petitioner may avoid a procedural bar in federal habeas proceedings with respect to claims which were alleged in state court but were not fully developed due to the conduct of the state. <u>Banks</u> does not excuse a habeas petitioner from a procedural bar with respect

19

to claims he has wholly failed to even allege in the state courts, but subsequently decided to make a go at in the federal courts on the basis of evidence available to him prior to state-court proceedings. Accordingly, because Petitioner failed to exhaust his state-court remedies, he has not demonstrated error in this Court's prior finding of procedural default as to this claim, and he is not entitled to relief from judgment on the basis of the Supreme Court's opinion in Banks.

Moreover, Petitioner has also failed to rebut the Court's prior holding that this claim is, aside from being defaulted, clearly devoid of merit.[6] In short, the Court previously ruled that Petitioner's allegations of an illicit and undisclosed deal for McCoy's testimony were not sufficiently supported by the various statements and inconsistencies highlighted by the Petitioner. Further, the Court found that such evidence was far

---

[6] Of course, the Court notes that to the extent Petitioner might intend to argue error in this Court's holding that this claim is substantively without merit, he is precluded from doing so in a Rule 60(b) motion for relief from judgment due to the prohibition on second or successive habeas petitions. See Gonzalez, 545 U.S. at ___, 125 S.Ct. at 2649 ("a Rule 60(b) motion that seeks to revisit the federal court's denial on the merits of a claim for relief should be treated as a successive habeas petition")(emphasis in original). Accordingly, because the Court has already held that Petitioner is not entitled to relief from judgment because he cannot demonstrate clear error in this Court's finding of procedural default, the Court's forthcoming discussion of the merits of the claim in light of Petitioner's newly proffered evidence is provided merely as a means of further distinguishing Petitioner's case from Banks while affirming this Court's general conviction that this claim remains devoid of merit.

outweighed by the evidence refuting such a "deal," consisting of the sworn statements of McCoy, the prosecutor, and petitioner's trial counsel, due to those statements' clarity and lack of equivocation:

> The various ambiguous bits of evidence put forward by petitioner are not sufficient to undermine the credibility of the unambiguous sworn denials of every individual with contemporaneous personal knowledge concerning the matter. Accordingly, the Court holds that petitioner has failed to establish the first two components of a <u>Brady</u> violation: the existence of material evidence favorable to the accused and suppression of that evidence by the prosecution.

Summary Judgment Order at 117.  Petitioner supplements his motion for relief with the affidavit of Wayne Morrow, Ronnie McCoy's probation officer, who, apparently in response to McCoy's 1999 affidavit disclaiming knowledge as to why his 1988 presentence report states that he was granted immunity in exchange for his testimony against Petitioner, insists that the presentence report is an accurate reflection of what McCoy stated at that time. Petitioner does not explain his delay in submitting this affidavit in October, 2004, more than five years after the McCoy affidavit was entered in habeas proceedings, nor does he allege that it would have been impossible for him to procure the affidavit during the prior habeas proceedings.  Further, even were the Court to credit the Morrow affidavit as truthful, despite Petitioner's lack of

diligence in offering it to the Court,[7] the affidavit merely presents one party's contrasting recollection of an interview which occurred more than seventeen years ago, and in no way conclusively establishes the veracity of Petitioner's allegation that a deal was concocted for McCoy's testimony.   The Morrow affidavit, though perhaps probative of Petitioner's claim if it had been properly submitted to the Court while its consideration of the claim was ripe, is hardly the compelling evidence of an undisclosed deal that the Supreme Court dealt with in <u>Banks</u>, wherein the habeas petitioner offered affidavits of the actual persons whose participation in the state's case against Banks was suppressed by the state throughout state-court proceedings.   In other words, in <u>Banks</u> the petitioner proffered evidence of such a nature that it's rough equivalent in Petitioner's case would be a sworn statement of Ronnie McCoy attesting that he had indeed received a "deal" for his testimony.   Petitioner has clearly failed to offer evidence of such a conclusive nature, and therefore has not sufficiently

---

[7]    The Court also notes that, to the extent Petitioner might offer the Morrow affidavit as newly discovered evidence entitling him to relief from judgment pursuant to Rule 60(b)(2), this Court is prohibited from entertaining the evidence as such due to lapse of the one-year time period for submitting newly discovered evidence in a motion for relief from judgment.   <u>See</u> <u>In re G.A.D., Inc.</u>, 340 F.3d 331, 334 (6th Cir. 2003)(holding that "[r]egardless of the circumstances, no court can consider a motion for relief brought under Rule 60(b)(1), (2), or (3) a year after judgment"); <u>see also</u> <u>Conner v. Attorney General of U.S.</u>, 96 Fed. Appx. 990 (6th Cir. 2004)(holding motion for relief based on newly discovered evidence, misrepresentation, and misconduct untimely because it was filed more than one year after dismissal).

"undermine[d] the credibility of every witness with contemporaneous personal knowledge of the matter" such that this Court no longer has confidence in the propriety of its previous finding that this claim lacks substantive merit.

At any rate, as discussed above, Petitioner's newly proffered evidence that a "deal" existed is relevant only if he can demonstrate that he is entitled to have his habeas petition reopened pursuant to Rule 60(b). Given that Petitioner failed to exhaust his state-court remedies by presenting this claim in the state courts, as required by the Supreme Court in Banks, he cannot demonstrate error in this Court's previous finding of procedural default and he is not entitled to have his habeas petition reopened for the consideration of new evidence. Further, even if this Court was persuaded that its finding of procedural default was rendered erroneous by Banks, Petitioner would still be required, as with his HAC claim, to demonstrate some "extraordinary circumstance" justifying the reopening of his habeas petition. As discussed supra, pgs. 9-12, such "extraordinary circumstances" are rarely demonstrated in habeas cases, and are surely absent from Petitioner's argument with respect to this claim, particularly given Petitioner's failure to conclusively establish that an undisclosed deal was made and his lack of diligence in proffering what evidence he has in support of the claim. See Gonzalez, 545 U.S. __, 125 S.Ct. at 2651 (holding, despite a conceded change in

law demonstrating error in a district court's application of a statute of limitations, that such a change in law was, in-part, "all the less extraordinary in petitioner's case, because of his lack of diligence in pursuing review" of the issue). Accordingly, for all the reasons given above, this portion of Petitioner's motion for relief from judgment is DISMISSED.

### B.   Fraud upon the Court

As a closely related component to Petitioner's <u>Banks</u> claim, Petitioner asserts that he is entitled to relief from judgment due to fraud upon the court.[8] Petitioner argues that the Morrow affidavit which he submitted with his motion for relief demonstrates inherent falsity in the Ronnie McCoy affidavit which the state submitted to counter the <u>Brady</u> allegation first raised in Petitioner's habeas corpus application. Thus, Petitioner argues, McCoy and the state "lied" in submitting false affidavits to this Court during habeas proceedings and continuing to deny that any deal existed for McCoy's testimony.

---

[8]   As noted earlier, <u>supra</u> p. 22 n.7, this Court may not consider Petitioner's motion as one made pursuant to Rule 60(b)(1), (2), or (3) due to lapse of the one-year time period for filing a motion for relief pursuant to one of those provisions. Therefore, the Court will not entertain Petitioner's fraud claim pursuant to Rule 60(b)(3), allowing relief from judgment for "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party." Fed. R. Civ. P. 60(b)(3). Accordingly, if the Court is to consider Petitioner's fraud claim it must do so under the confined standards of the independent action to "set aside a judgment for fraud upon the court" provided for by the "savings clause" of Rule 60(b)(6).

Petitioner fails to properly set forth the elements of a fraud upon the court claim or to demonstrate how his claim satisfies those elements. In order to reopen a judgment that was obtained through fraud upon the court, Petitioner must demonstrate that during the prior habeas proceedings there was conduct that was 1) on the part of an officer of the court; 2) directed to the "judicial machinery" itself; 3) intentionally false, wilfully blind to the truth, or was in reckless disregard for the truth; 4) a positive averment or concealment when one was under a duty to disclose; and 5) that deceived the court. Workman v. Bell, 245 F.3d 849, 852 (6th Cir. 2001)(citing Demjanjuk v. Petrovsky, 10 F.3d 338 (6th Cir. 1993)).

Given these requirements, Petitioner's fraud claim fails on many levels. First, Petitioner is required to show that counsel for Respondent engaged in the conduct which he considers fraudulent. See H.K. Porter Co., Inc. v. Goodyear Tire & Rubber Co., 536 F.2d 1115, 1118-19 (6th Cir. 1976)(holding, upon allegation that adverse counsel sponsored non-disclosure and perjury, "[s]ince attorneys are officers of the court, their conduct, if dishonest, would constitute fraud on the court"). The persons with which Petitioner appears to be most concerned are Ronnie McCoy, accused of lying in an affidavit submitted to the Court, and the attorney who prosecuted Petitioner's case at trial,

also accused of lying in an affidavit submitted to the Court.[9]  At
no point in his motion for relief does Petitioner so much as
allege, much less actually demonstrate, that specifically
Respondent's counsel knowingly submitted false affidavits before
this Court during habeas proceedings.  Thus, Petitioner has failed
to show fraudulent conduct on the part of an officer of the court,
appearing as such before this Court, during prior proceedings.

Further, even if the Court were to concur with Petitioner
regarding the conduct which he deems fraudulent, such conduct was
not directed at the judicial machinery itself.  In other words,
conduct sufficient to satisfy the independent "fraud upon the
court" inquiry has traditionally been confined to conduct which
deliberately seeks to harm the integrity of the judicial process.
Therefore, many courts have deemed mere perjury and non-disclosure
by witnesses a specie of fraud insufficient to justify vacating a
previous judgment.  See, e.g., In re Levander, 180 F.3d 1114, 1119-

---

[9]     In his motion for relief, Petitioner set forth his
argument that a fraud on the court occurred as follows:
>       New evidence thus clearly indicates that during this
>       Court's previous consideration of the McCoy Claim, a
>       fraud was perpetrated on this Court.  The state filed an
>       affidavit containing the false statements of Ronnie
>       McCoy.  Coupled with the prosecution's (and McCoy's)
>       denial that McCoy received any consideration from the
>       police or the prosecution, there are clear grounds for
>       this Court to revise its judgment, where such
>       circumstances indicate that this Court denied relief
>       based on false affidavits and the prosecution's
>       misrepresentations at trial - which were included in the
>       record reviewed by this Court.
Pet. Mot. at 27.

20 (9th Cir. 1999)(explaining that perjury and non-disclosure are not "fraud upon the court" when party has ability to challenge the alleged perjured testimony because the testimony is relevant to an issue before the court); Gleason v. Jandrucko, 860 F.2d 556, 558-560 (2nd Cir. 1988)(holding "[a]fter discovered evidence of alleged perjury by a witness is simply not sufficient for a finding of 'fraud upon the court'" because such conduct effects injury to a single litigant, rather than a subversion of the court's integrity)(citing Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 245 (1944)). Given the above, the Court cannot consider the conduct complained of by Petitioner, the submission of allegedly false affidavits by two witnesses to the prior habeas proceedings, conduct which subverted the Court's integrity during those proceedings, particularly where Petitioner cannot show that counsel for Respondent knowingly submitted any such false affidavits.

Given the conduct which Petitioner alleges was fraudulent, and his failure to demonstrate that Respondent's counsel was responsible for that conduct, Petitioner's case is closely analogous to Fierro v. Johnson, 197 F.3d 147 (5th Cir. 1999). In Fierro, a death-sentenced inmate sought to vacate the federal habeas court's judgment denying his habeas petition on the ground of fraud upon the court. The petitioner offered newly-discovered evidence which showed that a witness had perjured himself during

state court proceedings, and he alleged that both the prosecuting attorneys, in state-court, and the state's postconviction attorneys, in federal habeas proceedings, should be held to have constructive knowledge of the perjury sufficient to have endorsed it and thus perpetrated a fraud upon the court. The Fifth Circuit refused to extend any constructive knowledge of the perjury to the state's habeas attorneys merely because they were defending a conviction reliant on that perjury. Id. at 155-56. In this case, though the state's habeas attorneys submitted a new affidavit from McCoy, given that Petitioner does not even allege, much less prove, that the state's habeas attorneys knew of the affidavit's purported falsity, the Court will not assume such a collusion occurred. Given all of the above, the Court holds that 1) Petitioner has failed to demonstrate any fraudulent conduct on the part of an officer of the court during prior proceedings; and 2) any fraud that occurred was clearly an injury germane to Petitioner as a single litigant, and was not a fraud directed at the "judicial machinery" sufficient to compromise the integrity of this Court. Accordingly, Petitioner's fraud upon the court claim is DISMISSED.

### III. CLAIM 15 - PETITIONER'S CHALLENGE TO SENTENCING-STAGE JURY INSTRUCTIONS

In claim 15 of his habeas petition, Petitioner argued that his Sixth, Eighth, and Fourteenth Amendment rights were violated by several aspects of his sentencing-stage jury instructions. The Court found each of these contentions procedurally defaulted and/or

without merit.  See Summary Judgment Order at 221-228.  Petitioner now asserts that he is entitled to relief from the Court's judgment on his claim that the jury instructions regarding unanimity in sentencing violated his Eighth Amendment rights.  This Court found that Petitioner had procedurally defaulted this claim by failing to challenge that part of the instructions in the state courts. However, this Court also found the claim to be without merit, first explaining that two types of objections have been raised with respect to the unanimity instruction: 1) that the instruction requires a jury to be unanimous with respect to the presence of a mitigating factor, and 2) that the instruction does not inform the jury that a life sentence results if they fail to reach a unanimous verdict.  Though this Court was unsure which particular claim Petitioner was raising, the Court found them both to be without merit, having been recently addressed and disposed of by the Sixth Circuit in Coe v. Bell, 161 F.3d 320 (6th Cir. 1998).  In his motion for relief, Petitioner now asserts that this Court's judgment was erroneous, as demonstrated by the Sixth Circuit's decision in Davis v. Mitchell, 318 F.3d 682 (6th Cir. 2003).

Before evaluating the merits of Petitioner's motion for relief as to this claim, the Court must again determine whether the claim is cognizable in a motion for relief from judgment.  Petitioner may challenge the Court's prior resolution of this claim on a non-merits basis, which he does in arguing that the Court's failure to

reach the merits due to the imposition of a procedural bar was erroneous in light of Cone. However, even assuming that Petitioner may successfully demonstrate error in the previous finding of procedural default, Petitioner still must demonstrate some "extraordinary circumstance" in the Rule 60(b)(6) context or "exceptional circumstance" in the "independent action" context in order for the Court to grant relief from judgment and proceed with consideration of the merits of Petitioner's claim. Given that the Supreme Court failed to find any "extraordinary circumstance" warranting relief from judgment in Gonzalez, despite the Court's acknowledgment that the petitioner in that case was prevented from presenting a claim due to the erroneous interpretation of a statute of limitations, Petitioner bears a significant burden in proving some "extraordinary circumstance" warranting him relief from this Court's previous judgment imposing the bar of procedural default. Petitioner has failed to demonstrate such a circumstance.

Moreover, Petitioner's claim in this regard is rendered even less extraordinary, or exceptional, because the intervening case law Petitioner offers in his motion for relief cannot be applied in his case. In Davis, the Sixth Circuit held invalid unanimity instructions which, in their totality, impermissibly "'would' lead a reasonable juror to conclude that the only way to get a life verdict is if the jury unanimously finds that the aggravating circumstances do not outweigh the mitigating circumstances."

<u>Davis</u>, 318 F.3d at 689.   The jury instructions at issue in that case had such an effect because 1) the instruction first required that the jury unanimously reject the death penalty before it could consider a life sentence; 2) the verdict forms provided the jury implied, largely because the form set forth twelve signature lines below the finding, that unanimity was required in any finding that the aggravating circumstances do not outweigh any mitigating circumstances; and 3) the jury was never informed that individual jurors may consider mitigating circumstances whether or not other jurors agree with such evidence in mitigation.   <u>Id.</u>   The Sixth Circuit's holding in <u>Davis</u> relied on the Supreme Court's ruling in <u>Mills v. Maryland</u>, 486 U.S. 367 (1988), wherein the Court held unconstitutional instructions which might lead reasonable jurors to believe that they are "precluded from considering any mitigating evidence unless all 12 jurors agreed on the existence of a particular such circumstance." <u>Id.</u> at 384.

The Court need not assess whether the unanimity instruction given Petitioner's jury violated the rule announced in <u>Mills</u> and applied in <u>Davis</u> because assuming, without holding, such a violation occurred, Petitioner's claim is nonetheless hardly exceptional because he may not avail himself of the rule announced in <u>Mills</u>.   <u>Mills</u> announced a new rule of constitutional law.   <u>See</u> <u>Beard v. Banks</u>, 542 U.S. 406, ___, 124 S.Ct. 2504, 2513 (2004). Further, the <u>Mills</u> rule satisfies neither of the two tests for

retroactivity set forth in Teague v. Lane, 489 U.S. 288 (1989). Beard, 542 U.S. at ___, 124 S.Ct. at 2515. Thus, the Mills rule may not be applied retroactively to cases where the conviction has become final prior to Mills. Petitioner's conviction became final on April 4, 1988, when the Supreme Court denied certiorari review of the Tennessee Supreme Court's decision affirming his conviction and sentence. See Johnson v. Tennessee, 485 U.S. 994 (1988). Mills was decided a mere two months later, on June 6, 1988. Mills, 486 U.S. 367. While the time period between the two relevant actions by the Supreme Court is admittedly slight, proximity in time is irrelevant for Teague retroactivity purposes when a conviction becomes final prior to the announcement of a new rule. Indeed, though the petitioner in Beard missed the "deadline" by a mere eight months, the Court nonetheless refused to apply Mills to his case retroactively. See Beard, 542 U.S. at ___, 124 S.Ct. at 2508.

Therefore, Petitioner's argument that he is entitled to relief from judgment as to this claim is unavailing. Petitioner has not set forth any extraordinary circumstance justifying reopening his habeas petition claim because Petitioner cannot even demonstrate that he is entitled to the benefit of the change in law reflected in the intervening case law he asserts as the basis for relief from judgment. Accordingly, Petitioner's motion for relief from judgment as to this claim is DISMISSED.

32

## IV.   CONCLUSION

For all of the reasons given above, Petitioner is not entitled to relief from this Court's previous judgment granting Respondent summary judgment as to each claim Petitioner's habeas corpus application.   Accordingly, the Court DISMISSES Petitioner's motion for relief from judgment.

IT IS SO ORDERED, this _1st_ day of December, 2005.


BERNICE BOUIE DONALD
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 122 in case 2:97-CV-03052 was distributed by fax, mail, or direct printing on December 1, 2005 to the parties listed.

---

John W. Campbell
DISTRICT ATTORNEY GENERAL'S OFFICE
201 Poplar Ave.
Ste. 301
Memphis, TN 38103--194

C. Mark Pickrell
PICKRELL LAW FIRM
3200 West End Ave., Suite 500
Nashville, TN 37205

Alice B. Lustre
ATTORNEY GENERAL OFFICE
425 5th Avenue North
Nashville, TN 37243--049

Glenn R. Pruden
OFFICE OF THE ATTORNEY GENERAL
425 Fifth Ave., N.
Nashville, TN 37243--049

Christopher M. Minton
POST CONVICTION DEFENDER
810 Broadway
Ste 200
Nashville, TN 37203

Quitman Robins Ledyard
BOROD & KRAMER
80 Monroe Ave.
Ste. G-1
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT